IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01821-CMA

KARL J. PUTNAM,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

_____

**ORDER VACATING THIS COURT'S OCTOBER 15, 2018 ORDER AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL**
_____

This matter is before the Court on review of Plaintiff Karl J. Putnam's Second Motion for an Extension of Time to File a Notice of Appeal. (Doc. # 36.) The Court also *sua sponte* addresses its October 15, 2018 Order Denying Plaintiff's First Motion for an Extension of Time to File a Notice of Appeal. (Doc. # 34.) For the following reasons, the Court vacates its October 15, 2018 Order (Doc. # 34), grants Plaintiff's First Motion for an Extension of Time to File a Notice of Appeal (Doc. # 33), and denies as moot Plaintiff's Second Motion for an Extension of Time to File a Notice of Appeal (Doc. # 36).

    I.    **PROCEDURAL HISTORY**

On July 16, 2018, this Court affirmed the Social Security Commissioner's decision denying Plaintiff's application for disability insurance benefits. (Doc. # 25.) On

the same day, the Clerk of the Court entered Final Judgment in favor of Defendant, the Acting Commissioner of Social Security, and against Plaintiff. (Doc. # 26.) The merits of Plaintiff's action against Defendant are immaterial to the matter currently before the Court.

On September 16, 2018, 62 days after this Court issued its Order and Final Judgment, Plaintiff filed a Notice of Appeal, indicating that he was appealing to the Court of Appeals for the Tenth Circuit this Court's Order affirming the denial of benefits. (Doc. # 27.) Plaintiff's appeal to the Tenth Circuit is encaptioned Case Number 18-1379, *Putnam v. Commissioner, SSA*. (Doc. # 29.)

On October 2, 2018, the Clerk for the Tenth Circuit issued an Order that pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B) and 28 U.S.C. § 2107(a), Plaintiff's Notice of Appeal was not timely filed. (Doc. # 32.) The Clerk explained that Rule 4(a)(1)(B) and Section 2107(a) require that in a civil case against a United States officer or employee in her official capacity, like this case, a notice of appeal must be filed within 60 days after the entry of a final judgment, order, or decree. (*Id.* at 1.) Because this Court's Order and Final Judgment were entered on July 16, 2018, the Clerk stated that the last day to file a notice of appeal was September 14, 2018. (*Id.* at 2.) The Clerk continued:

> The notice of appeal was not filed on the district court docket until September 16, 2018, two days after the deadline to file expired (and on a Sunday, which would push the actual filing date to September 17, 2018, the first business day following). No motion for extension of time to appeal has been filed in or granted by the district court. 28 U.S.C. § 2107(c) (district court may extend time to appeal under certain circumstances); Fed. R. App. P. 4(a)(5) (same). Thus, the notice of appeal was filed out of time, and this

2

court [the Tenth Circuit] appears to be without jurisdiction to consider the appeal.

(*Id.* at 2.) The Clerk ordered Plaintiff (there, the appellant) to "file a memorandum brief addressing whether he can establish timely filing of the notice of appeal" within 14 days of her Order (on or before October 16, 2018). (*Id.*)

On October 13, 2018, Plaintiff filed with this Court his First Motion for an Extension of Time to File a Notice of Appeal. (Doc. # 33.) Pursuant to Rule 4(a)(5)(A), Plaintiff asserted "excusable neglect and/or good cause for filing out of time." (*Id.* at 1.) He claimed "several mitigating factors," such as his counsel being "a novice in filing appeals" and "a solo practitioner with no supporting staff" and her having "miscalculated the date," as contributing to missing the filing date. (*Id.* at 1–2.) Plaintiff argued that these factors amounted to inadvertent, negligent omissions that did not prejudice Defendant. (*Id.* at 2.) He therefore requested that the Court "grant [his] Motion to Extend the Time to File Notice of Appeal." (*Id.* at 3.)

On October 15, 2018, this Court denied Plaintiff's First Motion for an Extension of Time to File a Notice of Appeal in a brief text order for lack of jurisdiction. (Doc. # 34.)

The following day, October 16, 2018, the Clerk for the Tenth Circuit entered an order regarding Plaintiff's response to the Tenth Circuit's October 2, 2018 Order to Show Cause. (Doc. # 35.) The Clerk stated that the Tenth Circuit "has **no authority** to excuse [Plaintiff's] late filing, regardless of the reasons." (*Id.* at 1–2.) Plaintiff's "only option," according to the Clerk, "is to seek relief from the untimely filing of notice of appeal **in the district court**." (*Id.* at 2) (citing 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)). The Clerk directed Plaintiff to file with the Tenth Circuit "a status report

3

advising what steps he has taken to gain relief from the untimely appeal in the district court" by October 31, 2018.  (*Id.*)

Also on October 16, 2018, Plaintiff filed with this Court his Second Motion for an Extension of Time to File a Notice of Appeal (Doc. # 36), which is now before the Court.

## II.     APPLICABLE LAW

Federal Rule of Appellate Procedure 3 provides that "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  Fed. R. App. P. 3(a)(1).  Pursuant to Federal Rule of Appellate Procedure 4, a party in a civil action in which one of the parties is a federal officer or employee sued in an official capacity may file a notice of appeal "within 60 days after entry of judgment or order appealed."  Fed. R. App. P. 4(a)(1)(B); *see also* 28 U.S.C. § 2107(b).

### A.     JURISDICTION OF THE COURTS UPON THE FILING OF A NOTICE OF APPEAL

It is an "unassailable general proposition that the filing of a notice of appeal . . . 'is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 400, 402 (1982)); *see United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006).

However, the court of appeals can exercise jurisdiction "only if a notice of appeal is **timely** filed."  *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006) (emphasis added).  "A timely notice of appeal is both mandatory and jurisdictional."  *Id.*

(quoting *United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996)); see *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007) ("The Court has long held that the taking of an appeal **within the prescribed time** is 'mandatory and jurisdictional.'" (emphasis added) (internal citation omitted)). A court of appeals "has no jurisdiction to review the lower court's decision on the merits if the notice of appeal is filed in an untimely manner." *Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993) (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (holding that where the petitioner's notice of appeal was untimely, the Court of Appeals was without jurisdiction to review the decision on the merits)). Rather, "the district court retains jurisdiction over an action when the notice of the appeal is untimely." *Id*. Moreover, the court of appeals has no authority to make equitable exceptions to this jurisdictional requirement. *Pendleton v. Allbaugh*, No. 17-6132, 2017 WL 5897555, *1 (10th Cir. June 5, 2017) (citing *Bowles*, 551 U.S. at 216).

**B. EXTENDING THE TIME TO FILE AN APPEAL**

Though both Rule 4(a)(1) and Section 2107(a)–(b) set a time limit for filing a notice of appeal, the rule and the statute also provide a mechanism by which the district court may extend the time to file a notice of appeal. Fed. R. App. P. 4(1)(5)(A); 28 U.S.C. § 2107(c). Rule 4 states:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

5

> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be *ex parte* unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5). Section 2107(c) paraphrases Rule 4(a)(5): "The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause."

### III.    ANALYSIS

**A.    THE COURT HAS JURISDICTION TO CONSIDER PLAINTIFF'S MOTIONS FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Plaintiff's Notice of Appeal (Doc. # 27) was not timely filed, as the Clerk for the Tenth Circuit explained in her October 2, 2018 Order. (Doc. # 32 at 1–2.) This Court entered its Order and Final Judgment on June 16, 2018. (Doc. ## 25, 26.) Pursuant to Rule 4(a)(1)(B)(iii) and Section 2107(b), Plaintiff therefore had 60 days—until and including September 14, 2018—to file a notice of appeal. Plaintiff did not file his Notice of Appeal until September 16, 2018, after the 60-day time period had expired. *See* (Doc. # 27.)

As a result of Plaintiff's late filing of his Notice of Appeal, the Tenth Circuit is without jurisdiction to consider his appeal. The Clerk for the Tenth Circuit accurately described why that Court lacks jurisdiction in her October 2, 2018 Order, *see* (Doc. # 32 at 1), and case law from this jurisdiction is replete with examples in which the Tenth

6

Circuit recognized it lacked jurisdiction as a result of the appellant not timely filing his notice of appeal. *See, e.g.*, *McGee v. Kan. Parole Bd.*, 37 F.3d 1509 (10th Cir. 1994) (holding that the Tenth Circuit was without jurisdiction to consider appellant's appeal where his notice of appeal was filed one day late); *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006) (holding that the appellant's notice of appeal was untimely when it was filed six minutes after the 30-day window closed and that the Tenth Circuit therefore lacked jurisdiction). This Court need not expand on this inviolable principle.

This Court retains jurisdiction over Plaintiff's action because his Notice of Appeal was untimely. *See Lewis*, 987 F.2d at 394–95 ("the district court retains jurisdiction over an action when the notice of appeal is untimely"); *Gilda Indus. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008) (citing *Ruby v. Sec'y of U.S. Navy*, 395 F.2d 385, 389 (9th Cir. 1966) (en banc)). It therefore has jurisdiction to decide Plaintiff's Motions for an Extension of Time to File a Notice of Appeal. The Court *sua sponte* vacates its October 15, 2018 Order Denying Plaintiff's First Motion for an Extension of Time to File a Notice of Appeal. (Doc. # 34.)

**B.  PLAINTIFF ESTABLISHES EXCUSABLE NEGLECT, AND AN EXTENSION OF TIME IS WARRANTED**

In Plaintiff's First and Second Motions for an Extension of Time to File a Notice of Appeal, he asserts excusable neglect.[1] (Doc. # 33 at 1–2; Doc. # 36 at 2–3.)

---

[1] Plaintiff asserts "excusable neglect and/or good cause" in both Motions. (Doc. # 33 at 1; Doc. # 36 at 2.) Plaintiff only discusses the legal standard for excusable neglect however. (*Id.*) The Court therefore declines to address good cause.

This Court may grant a motion for an extension of time to file a notice of appeal if the movant "so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires" and the movant "shows excusable neglect." *See* Fed. R. App. P. 4(a)(5)(A). Plaintiff has satisfied the first condition, as he filed his First Motion for an Extension of Time to File a Notice of Appeal within 30 days after the time prescribed by Rule 4(a)(1)(B) expired.[2] *See* (Doc. # 33.) The Court's inquiry therefore turns on the second condition, whether Plaintiff shows excusable neglect.

In the Tenth Circuit, factors relevant "to an excusable-neglect decision include 'the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

The Tenth Circuit also looks to the Supreme Court's decision in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership et al.*, 507 U.S. 1489 (1993), to determine what constitutes excusable neglect in the context of Rule 4(a)(5), as do other circuits. *City of Chanute*, 31 F.3d at 1045–46; *see, e.g.*, *Ragguette v. Premier Wine & Spirits*, 691 F.3d 315, 324 (3d Cir. 2012). In *Pioneer Investment Services Company*, the Supreme Court analyzed the meaning of "excusable

---

[2] The time prescribed by Rule 4(a) expired on September 14, 2018. Pursuant to Rule 4(a)(5)(A)(i), Plaintiff therefore had up to and including October 15, 2018, to file a motion for an extension of time to file a notice of appeal. Plaintiff filed such a motion on October 13, 2018. (Doc. # 33.)

neglect" in the context of the Bankruptcy Code's provision for late filings.[3] 507 U.S. at 1494. The Court reasoned that given the ordinary meanings of these words, "Congress plainly contemplated that the courts would be permitted, where appropriate, to **accept late filings caused by inadvertence, mistake, or carelessness**, as well as by intervening circumstances beyond the party's control." *Id*. at 1495 (emphasis added). The Court held, "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 1496.

In the matter presently before this Court, Plaintiff's reasons for his untimely filing of his Notice of Appeal are legion:

> Counsel for Appellant missed the filing date because of several mitigating factors: Counsel is a novice in filing appeals and miscalculated the date; Counsel is a solo practitioner with no supporting staff; Counsel was preparing for three upcoming disability hearings before an Administrative Law Judge and preparing to file a case for review in the Middle District of Florida; Counsel has not been admitted to practice in the 10th Circuit Court of Appeals because the admission fee has yet to be paid, and Counsel was waiting as long as feasible in hopes of receiving attorney fees from a previous case (Counsel's practice consists, almost exclusively, of Social Security disability cases, and attorney fees from those cases are sporadic); Appellant and Counsel were unable to find alternate counsel who is admitted to practice in the 10th Circuit Court of Appeals; and Counsel is the primary caregiver for a disabled former spouse and a grandson with autism spectrum disorder, both of whom had medical issues during the summer.

---

[3] The Tenth Circuit applies "the *Pioneer* test for 'excusable neglect' under [Rule] 4(a)(5)" despite *Pioneer*'s focus on the Bankruptcy Code. *City of Chanute*, 31 F.3d at 1046. The Tenth Circuit has explained, "[b]ecause the Court's analysis of what constitutes 'excusable neglect' in the bankruptcy context rested on the plain meaning of the terms, there is no reason that the meaning would be different in the context of [Rule 4(a)(5)]." *Id.*

(Doc. # 36 at 2.)  Plaintiff also argues that he and his counsel made a "good faith effort . . . to comply with the Rules" and that "[t]here is no danger of prejudice to . . . Defendant, Commissioner of Social Security," as his "delay was two days, over a weekend, after a year-long preceding [sic]."  (*Id.* at 2–3.)

The Court concludes that Plaintiff has established excusable neglect.  Three of the four factors the Tenth Circuit considers weigh in favor of such a finding.  *See Bishop*, 371 F.3d at 1206.  As to the first factor, Plaintiff asserts and the Court agrees that there is little or no danger of prejudice to Defendant because—moving to the second factor—Plaintiff's Notice of Appeal was filed only two days late, "over a weekend, after a year-long [proceeding]."  *See* (Doc. # 36 at 2–3.)  *See also Flores v. Monumental Life Ins. Co.*, No. CIV-08-1067-F, 2009 WL 10671776, *2 (W.D. Okla. June 25, 2009) (where the defendant filed a motion 15 days late, the Court found there was "no danger of prejudice as a result of the untimely filing," that "the length of delay [was] minimal, and that the delay ha[d] virtually no potential impact on judicial proceedings" at the first and second factors of the four-part test from Pioneer); *cf. Martinez v. Southwest Cheese Co., L.L.C.*, CV 12-0660 RB/WPL, 2013 WL 13180705, *4 (D.N.M. Mar. 4, 2013) (where the plaintiff had missed a deadline to file by more than six weeks, holding that "the prejudice done to [the defendant] [was] impossible to cure").  The third factor, the reason for the delay, does not weigh in favor of Plaintiff, as his counsel concedes that her inexperience, unfamiliarity with court rules regarding admission to the Tenth Circuit, and demanding workload contributed to her misreading of the relevant rules.  *See* (Doc. # 36 at 2–3.)  Though the third factor, fault in the delay, is "a very important

factor—perhaps the most important single factor—in determining whether neglect is excusable," it is not determinative. *City of Chanute*, 31 F.3d at 1045–47 (where the fault in the delay lay with the plaintiff's counsel's misunderstanding of the law, finding that "under the entire circumstances of the case, and looking to the other three Pioneer factors," the district court acted within its discretion in finding excusable neglect.) Finally, the fourth factor weighs in Plaintiff's favor, as there is no evidence that Plaintiff acted in other than good faith.

Weighing these four factors in light of the Supreme Court's pronouncement that in employing the term "excusable neglect," Congress "plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness," *Pioneer Investment Services Company*, 507 U.S. at 1495, the Court concludes that Plaintiff demonstrates excusable neglect. Plaintiff thereby satisfies the requirements of Rule 4(a)(5)(A), warranting an extension of time to file his Notice of Appeal. Plaintiff has already filed his Notice of Appeal, well before any extension of time the Court now grants would expire. *See* Fed. R. App. P. 4(a)(5)(C). Plaintiff's Notice of Appeal (Doc. # 27) is therefore timely.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS as follows:

1. The Court's October 15, 2018 Order (Doc. # 34) is VACATED;

2. Plaintiff's First Motion for an Extension of Time to File a Notice of Appeal (Doc. # 33) is GRANTED, rendering his Notice of Appeal (Doc. # 27) timely; and

11

3. Plaintiff's Second Motion for an Extension of Time to File a Notice of Appeal (Doc. # 36) is DENIED AS MOOT.

DATED: October 29, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge